**YIPING GONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–70750.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 24, 2009.

Yiping Gong, Monterey Park, CA, pro se.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Yiping Gong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Gong's testimony was inconsistent with his asylum declaration concerning his claimed injuries during his detention. *See Kohli v. Gonzales,* 473 F.3d 1061, 1071 (9th Cir. 2007) (discrepancies between petitioner's testimony and declaration substantially support adverse credibility finding). Moreover, because the IJ had reason to question Gong's credibility, the IJ reasonably took into account Gong's failure to provide corroborating evidence in support of his claim of religious persecution. *See Li,* 378 F.3d at 964. Accordingly, Gong failed to establish eligibility for asylum. *See id.* (so long as one identified ground is supported by substantial evidence and goes to the heart of the claim, the court is bound to accept the IJ's adverse credibility finding).

Because Gong failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Gong's CAT claim is based on the same testimony the IJ found to be not credible, and Gong points to no other evidence the IJ should have considered, he has failed to establish eligibility for CAT relief. *See id.* at 1157.

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.